UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING SALES PRACTICE PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-02570-RLY-TAB MDL. No. 2570 |

*This Document Relates to:*
*(Plaintiffs in the attached Exhibit A)*

**Plaintiffs' Opposition to Defendants' Motion to Dismiss Without Prejudice Pursuant to the Court's Case Categorization Order and Cross-Motion for Leave to Extend Time to Respond**

Now come the Plaintiffs by and through their counsel, Debra Humphrey, and respectfully request that this Honorable Court deny the Defendants' Motion to Dismiss Pursuant to the Court's Case Categorization Order ("Motion to Dismiss") and an order granting the undersigned counsel Leave to Extend Time to Respond. In support, Plaintiffs submit as follows:

Pursuant to the Orders on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan entered October 2, 2018 (Dkt. 9322) and November 21, 2018 (Dkt. 9638) ("Categorization Order"), Plaintiffs were originally required to complete and serve Categorization Forms to email addresses: CookFilterMDL@FaegreBD.com and plaintiffscoleadcousnelmdl@gmail.com by December 22, 2018. On January 17, 2019, this Court entered an Amended Order Regarding Plaintiffs' Failure to Produce Categorization Forms and ordered that all plaintiffs that have not categorized their cases to submit their Categorization Forms and medical records by January 31, 2019 and ordered and ordered Defendants to provide a list of

plaintiffs that failed to comply with this order to this Court by February 7, 2019.[1] *See* Dkt. 9956. Defendants filed their Motion to Dismiss on February 5, 2019 (Dkt. 10063) identifying 736 plaintiffs, including Plaintiffs herein. *See* Dkt. 10063-1. A true and correct copy of the Plaintiffs represented by the law firm of Marc J. Bern & Partners LLP is attached hereto as **Exhibit A**.

Plaintiffs' counsel's office regularly monitors the docket and never intentionally failed to respond to the Court's Categorization Orders. Plaintiff's counsel recognizes her obligation to monitor the docket and would never intentionally fail to respond to a case management order. Instead, Plaintiff's counsel respectfully submits to this Court that she and her office were unaware of the Categorization Order(s) until the evening of February 5, 2019, when Defendants filed their Motion to Dismiss. Although Plaintiffs' counsel's office monitors numerous email notifications from this Court, independently checks this Court's master docket for all filings regarding the Cook Medical MDL (Case 1:14-ml-02570) biweekly, and periodically checks this Court's website for notices and orders and additional information about upcoming deadlines[2] for additional information about upcoming deadlines, the Categorization Orders were missed, and Plaintiffs' counsel did not see the Categorization Orders or related instructions on this Court's Website. Plaintiffs' counsel was unaware of the Categorization Orders and the instructions therein until February 5, 2019 when Defendants had filed their Motion to Dismiss. At that time, Plaintiffs' counsel reviewed the Master Docket and specifically the Categorization Orders cited in Defendants' Motion to Dismiss.

---

[1] Please note that three cases listed in Defendant's list were filed on **February 1, 2019**, after the deadline for the Case Categorization Forms. (*See* Calvin Bennett 1:19-cv-00522, Ann M. Hecht 1:19-cv-0052, and Raymond Hile 1:19-cv-00530). Regardless, Plaintiffs served Case Categorization Forms for these cases to avoid any potential issues.

[2] https://www.insd.uscourts.gov/cook-mdl-case-management (last accessed February 11, 2019). A true and correct copy of this Court's website for Cook Medical MDL Case Management Plan & Orders is attached as **Exhibit B**.

Upon reviewing the Categorization Orders cited in Defendants' Motion to Dismiss, Plaintiffs' counsel realized that the January 31, 2019 deadline had passed several days earlier. Plaintiffs' counsel and her office immediately prepared the required Categorization Forms and specific related medical records, pursuant to the Categorization Orders, for Plaintiffs herein. On February 7, 2019, Plaintiffs' counsel and her office submitted the required Categorization Forms and attached medical records for Plaintiffs to Cook Defendants and Plaintiffs' Leadership Counsel via a Sharefile link, seven (7) days after the deadline. A true and correct copy of the emails serving Plaintiffs' Categorization Forms and medical records is attached as **Exhibit C**. On February 8, 2019, Plaintiffs' counsel supplemented this initial production with additional records that she felt were relevant to some of cases in which Categorization Forms were previously served on February 7, 2019. *See id.*

Prior to January 31, 2019, Plaintiffs' counsel complied with all court Orders regarding Plaintiff Facts Sheets, Plaintiff Profile Forms, and Plaintiff Authorizations for Plaintiffs herein. Plaintiffs' counsel has taken an active role in representing Plaintiffs and did not intentionally refuse to respond to the Court's Orders. Plaintiffs' counsel has actively remedied the above-described error and immediately submitted all outstanding documents pursuant to this Court's Orders regarding the Case Categorization Forms. Plaintiffs' counsel has now reviewed and updated her office's policies regarding reviewing the Master Docket (Case 1:14-ml-02570) to ensure compliance with all future filings and orders. An affidavit in support of these facts is attached as **Exhibit D**.

## ARGUMENT

When "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act

3

because of excusable neglect." F.R.C.P. 6(b)(1)(B). Moreover, under F.R.C.P. 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… mistake, inadvertence, surprise, or excusable neglect…"

In this Circuit, a two-pronged inquiry exists when a party seeks an extension pursuant to F.R.C.P. 6(b)(1)(B): "[f]irst the moving party must demonstrate that his failure to meet the deadline was because of neglect. Neglect exists where the failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness." *Zingerman v. Feeman Decorating Co.*, 99 Fed. Appx. 70, 72 (7th Cir. 2004) (citing and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "Second, the moving party must establish that his act was excusable." *Zingerman*, 99 Fed. Appx. at 72. Whether a case of neglect is excusable is an equitable determination, and the Court must consider all relevant circumstances moving party's "failure to act, including the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Zingerman,* 99 Fed. Appx. at 72, citing *Pioneer,* 507 U.S. at 395. *See also*, *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (stating that a court may consider whether a missed filing deadline is attributable to negligence).

Here, Plaintiffs' counsel not seeing the email summaries of ECF activity that must have contained the Court's Case Categorization Orders within the numerous email notifications from the Court and her resulting lack of awareness of the Categorization Orders until February 5, 2019 resulted in Plaintiffs failing to submit the Categorization Forms and related medical records until after the January 31, 2019 deadline. Plaintiffs' counsel respectfully submits that the failure to meet the deadline was due to her omission to act,

satisfying the first prong of the inquiry.

Plaintiff's counsel also respectfully submits that this omission to act is excusable. Plaintiffs' counsel has reviewed and updated her office's policies regarding checking the Master Docket for the Cook Medical MDL, has taken steps to ensure that all Court notifications are monitored, and has taken other reasonable measures to ensure that no additional Court notifications and filings, including orders, are missed. *See* **Exhibit D**. Plaintiffs submitted the require forms and documents within seven (7) days of the January 31, 2019 deadline to minimize the length of delay and any possible prejudice to Defendants. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). Plaintiffs' counsel respectfully submits that Defendants would face minimal prejudice compared to the great prejudice that would befall Plaintiffs should this Court grant Defendants' Motion to Dismiss. Plaintiffs recognize that missing these deadlines have an impact on the judicial proceedings of these matters. However, there is no evidence of bad faith on the part of Plaintiffs, and Plaintiffs' counsel submits that she acted in good faith at all times when dealing with this Court and Defendants' counsel.

Plaintiffs' counsel also respectfully submits that her error in failing to comply with this Court's Categorization Orders was an inadvertent mistake constituting excusable neglect, and thus Plaintiffs should be afforded relief under Rule 60(b) as well as Rule 6(b)(1)(B). In this Circuit, excusable neglect may include omissions through carelessness and mistake, and after the Supreme Court's elaboration on the standard for excusable neglect in *Pioneer*, may be shown without identifying any 'extraordinary' circumstance. *Robb, supra,* 122 F.3d at 359, citing *Pioneer, supra*, 997 F.2d at 302. Determining whether a mistake warrants relief for the

5

party under Rule 60(b) is usually left to the discretion of the district court; however, "this discretion is not limitless, for it must be exercised after careful consideration of "all relevant circumstances surrounding the omission" in a particular case, including the equitable factors set forth in *Pioneer*." *Robb*, 122 F.3d at 363 (internal citations omitted).

Under F.R.C.P 60(b), "excusable neglect" under is broad enough to include attorney carelessness. *Chapman v. Maytag Corp.*, NO. IP 99-0039-C-F/D, 2000 U.S. Dist. LEXIS 8079, at *4 (S.D. Ind. Mar. 10, 2000), citing *Robb, supra*, 122 F.3d a358-59. This Court in *Chapman* granted relief under F.R.C.P 60(b)(1) when plaintiff's counsel missed the deadline to file a response to defendant's summary judgment motion because it was not calendared, even though plaintiff's counsel did not know why the motion's response deadline was not calendared despite undertaking a thorough investigation regarding same and admitting that he knew about the summary judgment motion, finding that plaintiff's counsel was negligent in failing to check the docket sheet for a status. *Chapman*, 2000 U.S. Dist. LEXIS 8079 at *3-5. This Court found that because plaintiff's counsel in *Chapman* was actively litigating the, and in the absence of prejudice to the defendant and plaintiff's counsel's showing that the plaintiff can make a reasonable response, plaintiff's counsel's negligence was excusable. *Chapman*, 2000 U.S. Dist. LEXIS 8079, at *5. *Cf. Robb, supra*, 122 F.3d at 361-63 (vacating the trial court's order denying relief under Rule 60(b)(1) for missing a filing deadline due to the trial court's failure to consider the equitable factors set forth in *Pioneer*).

Here, Plaintiffs' counsel fully states that her error in failure to timely submit the Categorization Forms with relevant medical records was an inadvertent mistake due to human error, and Plaintiffs did not intentionally refuse to respond or comply to this Case Management Order. Plaintiff's counsel has been actively litigating Plaintiffs' cases and has complied with

all previous Orders entered by this Court regarding same. Plaintiffs' counsel's error, and her resulting failure to see the Categorization Orders amongst the numerous filings in the Master Docket and lack of awareness of the Categorization Orders, resulted in her omission to act. Plaintiffs' counsel has since updated her office's policies regarding carefully monitoring the Master Docket and ensuring that all ECF notifications for relevant orders and filings are checked and read. Plaintiff's counsel's office immediately, and in good faith, immediately drafted and served all 187 outstanding Categorization Forms with the relevant medical records attached for the Plaintiffs herein within seven days of the deadline and supplemented this production the following day as necessary. Here, Defendants would suffer minimal prejudice for this delay. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (*stating* that the danger of prejudice was minimal when the response was filed seventeen (17) days after it was originally due). There is no evidence of bad faith on the part of Plaintiffs and they have adequately complied the Court's Categorization Orders in good faith. Therefore, relief should be granted to Plaintiffs under F.R.C.P 60 (b)(1), as well as under F.R.C.P. 6(b)(l)(B), after considering and applying the relevant standards for inadvertent mistake and excusable neglect.

Plaintiffs' counsel reiterates the circumstances she stated as excusable neglect for F.R.C.P 60(1)(b), the same operative facts would apply to F.R.C.P. 6(b)(l)(B). Plaintiffs therefore request that this Court enter an Order granting Plaintiffs an extension of time to meet the deadlines set by the Categorization Orders to cover the period of Plaintiffs' counsel's late submissions due to excusable neglect.

Moreover, dismissal of Plaintiffs' actions would be against the interest of justice and irreparably harm their cases even if they were dismissed without prejudice, become some

7

Plaintiffs may be foreclosed from re-filing the complaints for their cases at a later date due to the applicable statute of limitations. Thus, granting Defendants' Motion to Dismiss would be the same as dismissing Plaintiffs' cases with prejudice (for some of the Plaintiffs herein). the Seventh Circuit expressly acknowledges that "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Schilling v. Walworth Cty. Park & Planning Com.*, 805 F.2d 272, 275 (7th Cir. 1986). Here, the ultimate sanctions of dismissal with prejudice is not warranted, and Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss and instead grant Plaintiffs' requested relief.

Wherefore, Plaintiffs respectfully request this Court DENY Defendants' Motion to Dismiss and GRANT Plaintiffs' Motion to Extend Time.

                Respectfully submitted,

                /s/ Debra J. Humphrey
                Debra J. Humphrey
                MARC J. BERN & PARTNERS LLP
                One Grand Central Place
                60 East 42nd Street, Suite 950
                New York, New York 10165
                Tel: (212) 702-5000
                Fax: (212) 818-0164
                Email: dhumphrey@bernllp.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2019, a copy of the foregoing Opposition to Defendants' Motion To Dismiss Without Prejudice Pursuant To The Court's Categorization Orders and Cross-Motion to Extend Time to Respond was filed electronically, and a notice of filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Debra J. Humphrey
Debra J. Humphrey